## (November 18, 1974)

■ DOROTHEA K. MATTHEWS, Respondent-Appellant, v. JOSEPH SCHUSHEIM et al., Appellants-Respondents, et al., Defendants.— By order dated July 16, 1973, this court modified the judgment of the Supreme Court, Nassau County, entered in this action on January 10, 1972, by striking the first, second and third decretal paragraphs thereof and substituting therefor a provision dismissing the first and second causes of action of the verified amended complaint as against defendants Mark Matthews, Theodore Schwartz and Joseph Matthews, and, as so modified, affirmed the judgment (*Matthews* v. *Schusheim*, 42 A D 2d 217, affd. 35 N Y 2d 686). Defendant Joseph A. Cohen now moves to vacate the fourth decretal paragraph of the judgment, which is against him and in favor of plaintiff for $170,228.38 plus interest on the second cause of action, and defendant Mark Matthews moves to stay plaintiff from proceedings for enforcement of the fifth decretal paragraph of the judgment. Motion granted to the extent that this court now further modifies the judgment, on the law and the facts, by striking therefrom the fourth decretal paragraph and substituting therefor a provision dismissing the second cause of action as against defendant Joseph A. Cohen, and affirming the judgment as to said defendant as so modified, without costs; and motion otherwise denied. This court did not in its order of July 16, 1973 modify the judgment as to defendant Joseph A. Cohen for the sole reason that his name did not appear as an appellant in the copy of the notice of appeal which was included in the record. It is now urged, and we agree, that that omission was a transcription error and that the actual notice of appeal did name Cohen as an appellant. His name did appear in the caption of the record and briefs as an appellant; the copy of the notice of appeal in the record was signed by the attorney who, in fact, represented all the defendants; and, in the briefs and arguments of both sides, Cohen was treated indistinguishably from his appealing codefendants on the second cause of action. Furthermore, it would be manifestly unfair to hold Cohen to the judgment when this court has already held that there is no basis for liability as respects his appealing codefendants, who stand in the same shoes. Latham, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.